UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

NEIL WILLIAMS,

      Plaintiff,

v.                                  Case No. 2:09-cv-00585

R. MARK CRAWFORD, Librarian,
Mount Olive Correctional Complex,
JASON COLLINS, Associate Warden
of Programs,
PAUL PARRY, Acting Warden,
and JAMES RUBENSTEIN, Commissioner,
Division of Corrections,

      Defendants.


**PROPOSED FINDINGS AND RECOMMENDATION**

      This is a civil rights action in which Plaintiff alleges that defendant Crawford retaliated and discriminated against him, and the other defendants approved Crawford's actions.

      Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. In Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in

the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 1964-65.

Plaintiff initiated this action by writing a letter dated May 21, 2009, in which he complained that he had been suspended for thirty days from the Mount Olive Correctional Complex law library, and requested an injunction and appropriate protective order "from continued constitutional violations."  (Docket # 1).

Plaintiff then filed a motion for issuance of a temporary restraining order, asserting that defendant Crawford retaliated against him by leaving Plaintiff (who uses a wheelchair) "to fend for himself."  (# 4, at 1-2.)  He claimed that the 30-day suspension was a retaliation for filing a grievance against defendant Crawford.  Id., at 2.  Plaintiff alleges that defendant Crawford had Plaintiff's legal papers searched, denied him legal aide assistance, placed a book out of Plaintiff's reach, failed to respond to various allegations in Plaintiff's grievances, refused notary service for a witness, treated another handicapped inmate differently, provided false information in an affidavit filed with the Supreme Court of Appeals of West Virginia, attempted to convince a Unit Manager to take disciplinary action against

2

Plaintiff as a threat to Plaintiff so that he would not sue Crawford, and refused to allow Plaintiff's documents to be copied. Id., at 3-6.

Plaintiff's next filing was a motion for issuance of an order directing Mount Olive library personnel not to require inmates to pre-pay the expense of copying their documents (# 7).

On June 2, 2009, Plaintiff filed his complaint (# 9) on the forms provided by the Clerk for civil rights actions.  The statement of Plaintiff's claims repeats the allegations concerning defendant Crawford in docket # 4.  He contends that defendant Crawford's action constitute retaliation, discrimination and denial of access to the court, in violation of his rights under the First, Sixth and Fourteenth Amendments.  (# 9, at 7-11.)  He alleges that defendant Collins approved and supported defendant Crawford's actions in the knowing violation of Plaintiff's constitutional rights.  Id., at 11-12.  Plaintiff accuses defendants Parry and Rubenstein of failing to stop defendant Crawford's actions toward Plaintiff.  Id., at 12-13.  Plaintiff seeks the following relief:

- Remove R. Mark Crawford from the position of Mount Olive librarian.
- Award Plaintiff $130,000 from R. Mark Crawford for punitive and compensatory damages.
- Award Plaintiff $1,000 from R. Mark Crawford for legal fees, filing fee, postage and incidental costs.
- Award Plaintiff $1,000 from each remaining defendant for punitive damages.
- Conduct an investigation into the M.O.C.C. library.
- Require all defendants pay their own attorney fees and costs.
- Issue a restraining order upon D.O.C. personnel to forestall further discriminatory and retaliatory actions.

Id., at 14-15.

Since the filing of the complaint, Plaintiff has submitted a motion for issuance of a stay order (to prevent his transfer within the Division of Corrections, # 10), an application to proceed without prepayment of fees and costs (# 12), an affidavit (# 13) and a 70-page document consisting of a memorandum with exhibits (# 14).

First Amendment retaliation

Plaintiff asserts that defendant Crawford illegally suspended him from the law library in retaliation for Plaintiff's filing of a grievance concerning Crawford's conduct.  (# 14, at 9.)  He contends that Crawford had no right to impose any sanction against an inmate without filing an incident report and prosecuting the incident through the disciplinary process at Mount Olive.  Id. Plaintiff alleges that as a result of the suspension, and Crawford's refusal to assign a legal aide to assist Plaintiff, Plaintiff lost one of his seven pending cases.  Plaintiff summarizes his claim as follows:

> Defendant Crawford ignored the policies and procedures he was to operate under as Librarian just to be able to place this Plaintiff on suspension to retaliate against him for exercising a constitutionally protected right to grieve.  The other defendants, being fully informed o[f] Crawford's illegal acts, put their "stamp of approval" on such illegal activities and just sent the grievances on to the next level.

Id., at 14-15.

Plaintiff is in error; there is no constitutional right to

grieve.  As the Fourth Circuit wrote in <u>Adams v. Rice</u>, 40 F.3d 72,

74-75 (4th Cir. 1994):

> Every act of discipline by prison officials is by
> definition "retaliatory" in the sense that it responds
> directly to prisoner misconduct.  The prospect of endless
> claims of retaliation on the part of inmates would
> disrupt prison officials in the discharge of their most
> basic duties.  Claims of retaliation must therefore be
> regarded with skepticism, lest federal courts embroil
> themselves in every disciplinary act that occurs in state
> penal institutions.
>
> * * *
>
> [C]laims of retaliatory actions are legally frivolous
> unless the complaint implicates some right that exists
> under the Constitution.  That is, plaintiffs must allege
> either that the retaliatory act was taken in response to
> the exercise of a constitutionally protected right or
> that the act itself violated such a right.  A claim of
> retaliation that fails to implicate any constitutional
> right "lacks even an arguable basis in law," *[Neitzke v.
> Williams*, 490 U.S. 319,] 328, 109 S. Ct. [1827], 1833
> [(1989)], and is properly subject to dismissal under §
> 1915(d).
>
> * * *
>
> As other circuits have recognized, there is no
> constitutional right to participate in grievance
> proceedings.  *See, e.g., Flick v. Alba*, 932 F.2d 728, 729
> (8th Cir. 1991).
>
> * * *
>
> Contrary to appellant's suggestion, the Constitution
> does not guarantee him [access to the grievance process].
> * * * [T]he Constitution creates no entitlement to
> grievance procedures or access to any such procedure
> voluntarily established by a state.  *Flick*, 932 F.2d at
> 729; *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1998).

Plaintiff's claim that defendant Crawford retaliated against

him for filing a grievance is legally frivolous because Plaintiff

5

has no constitutionally protected right to participate in the grievance process. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claim of retaliation lacks even an arguable basis in law, is legally frivolous, and must be dismissed. Given that Plaintiff asserts that defendants Collins, Parry and Rubenstein colluded with defendant Crawford in retaliating against Plaintiff, it follows that Plaintiff's complaint is legally frivolous as to those defendants, too. The undersigned proposes that the presiding District Judge so **FIND.**

To demonstrate further the lack of merit to Plaintiff's claim of retaliation, the undersigned notes that Plaintiff's only penalty was suspension from the law library for thirty days. An inmate has no right to go to the law library. Inmates in lockdown are prevented from attending the law library for weeks, months, or even years at a time and are still capable of prosecuting their cases. Thus Plaintiff has failed to show that he suffered any adversity as a result of defendant Crawford's actions. "Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus a showing of adversity is essential to any retaliation claim." American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Maryland, 999 F.2d 780, 785 (4th Cir. 1993).

Discrimination

Plaintiff's complaint alleges that "defendant Crawford then

acted with discriminatory intent when he permitted and excused another handicap inmate to assist another inmate in the same manner in which the plaintiff had assisted another and which allegedly had given rise to the unlawfully imposed suspension by the defendant." (# 9, ¶ 6, at 9.)

Plaintiff's claim of discrimination fails because he has not alleged or established a race or class-based animus or discrimination.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993).  Viable equal protection claims are based upon allegations that similarly situated individuals are treated differently without a rational relationship to a legitimate governmental purpose.   In order to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff.  Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005).    The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claim of discrimination fails to state a claim upon which relief can be granted.

Access to the courts

Plaintiff's complaint alleges that

defendant Crawford then denied this plaintiff access to the court when he deliberately and maliciously refused to supply this petitioner the appointment of a legal aide inmate from the library when such appointment is under defendant Crawford's complete control.  Such denial also is a continuation of retaliation and discrimination and

an attempt to impede this plaintiff's access to the 42
U.S.C. § 1983 process.

(# 9, ¶ 8, at 10.)

It is apparent to the undersigned that Plaintiff has no need
for an assigned inmate legal assistant.  The court is well aware of
the large number of uneducated inmates who would be incapable of
presenting any claim without inmate legal assistance; Plaintiff is
certainly not one of them.  Plaintiff's prodigious filings are
ample evidence of his ability to represent himself.  The
undersigned proposes that the presiding District Judge **FIND** that
Plaintiff has failed to state a claim of denial of access to the
courts.

Motion for Temporary Restraining Order

Plaintiff's motion seeks an order to restrain defendant
Crawford from retaliating and discriminating against Plaintiff and
from denying him access to the courts.  For the reasons set forth
with respect to Plaintiff's complaint, the undersigned proposes
that the presiding District Judge **FIND** that there is no ground for
issuing a temporary restraining order.

Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be
dismissed with prejudice pursuant to 28 U.S.C. § 1915A for being
legally frivolous and for failing to state a claim upon which
relief can be granted, and that Plaintiff's motion for temporary
restraining order (# 4) be denied.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

July 9, 2009
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge